# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN GARCIA,<br><br>        Petitioner,<br><br>    v.<br><br>CLUMM & ASSOCIATES,<br><br>        Respondent. | 1:010-cv-00331-JLT HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE FILE<br><br>ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PETITION BLANK FORM FOR COMPLAINT PURSUANT TO 42 U.S.C. § 1983 |

    Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 25, 2010, Petitioner filed his petition for writ of habeas corpus in this Court. (Doc. 1). On 2010, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 3).

    Petitioner raises two grounds for relief in his petition: (1) that he is being denied medical treatment for dental work he requires; and (2) that he is being held for a psychological evaluation that he does not believe he needs. Petitioner alleges that he was convicted on December 12, 2008 and sentenced, on re-sentencing, on August 29, 2009 to a period of two years' probation. (Doc. 1, p. 2). The conviction apparently arises out of an assault on a police officer. (Id.). However,

1 | Petitioner does not challenge either his conviction or sentence. Rather, he has apparently been
2 | held in detention at the Fresno County Jail since January 12, 2010 pending a psychiatric
3 | evaluation. Thus, Petitioner is challenging the circumstances of his confinement in Ground One,
4 | and his detention for a psychiatric evaluation in Ground Two. For the reasons set forth below,
5 | the Court must dismiss the petition.

## DISCUSSION

I. <u>Failure To State A Claim For Habeas Relief</u>.

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. <u>McCarthy v. Bronson</u>, 500 U.S. 136, 141-42 (1991); <u>Preiser</u>, 411 U.S. at 499; <u>Badea</u>, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, Petitioner complains that he had five teeth broken during a fight at a detention facility in San Diego, California on July 14, 2009. (Doc. 1, p. 3). Petitioner contends in Ground One that he has been in the Fresno County Jail since January 12, 2010, but has been denied medications for the dental problems stemming from the July 2009 altercation. In Ground One, Petitioner is thus challenging the conditions of his confinement, not the fact or duration of that confinement. Therefore, Petitioner is not entitled to habeas corpus relief on Ground One, and said claim must be dismissed. Should Petitioner wish to pursue that claim, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

2

II. Failure To Exhaust Ground Two.

In Ground Two, Petitioner contends that he has been held at the Fresno County Jail since January 12, 2010. On February 16, 2010, Petitioner, in discussing concerns he has about his case, was told that a psychiatric examination of Petitioner must be conducted prior to his release. (Doc. 1, p. 4). Petitioner alleges that he must return to court on March 30, 2010 for further proceedings on the psychological evaluation. (Id.).

Although the gravamen of Ground Two is not entirely clear to the Court, it appears that Petitioner is challenging his detention resulting from the state court's decision to conduct a psychological evaluation. However, Ground Two has not been exhausted, and hence must be dismissed.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Here, it is obvious that Petitioner has not exhausted Ground Two in state court. First, Petitioner does not allege that he has exhausted Ground two and the petition provides no evidence or factual allegations that Petitioner has even attempted to exhaust, much less fully exhausted, Ground Two. Second, the chronology of events in the petition makes exhaustion impossible. Petitioner himself alleges that he has only been in custody since January 12, 2010, that the issue of a psychological evaluation arose on or after February 16, 2010, and that he is scheduled to return to state court regarding the psychological evaluation on March 30, 2010. From those scant facts, it is patent that Petitioner has not had sufficient time to exhaust his claim of unlawful detention by fairly presenting his claim to the California Supreme Court.

Because Petitioner has not presented his claim for federal relief to the California Supreme Court, the Court must dismiss the petition. See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997). In light of the Court's conclusion that Ground One does not state a claim for habeas relief and

must therefore be dismissed, the only remaining claim in the instant petition would be the unexhausted Ground Two. The Court cannot consider a petition that is entirely unexhausted. Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Calderon, 107 F.3d at 760. Accordingly, the Court will dismiss the petition.

Moreover, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>     (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not

5

entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the Court DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, the Court HEREBY ORDERS:

1. The petition for writ of habeas corpus (Doc. 1), is DISMISSED because Ground One does not allege grounds that would entitle Petitioner to habeas corpus relief and because Ground Two is not exhausted;
2. The Clerk of the Court is DIRECTED to enter judgment and close the file;
3. The Clerk of Court is DIRECTED to send Petitioner the standard form for claims pursuant to 42 U.S.C. § 1983; and,
4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **March 25, 2010**       /s/ **Jennifer L. Thurston**
                          UNITED STATES MAGISTRATE JUDGE